IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 05-1224-MA |
| | CR 04-264-MA |
| Plaintiff-Respondent, | OPINION AND ORDER |
| v. | |
| LEOBARDO CHAVEZ-BARRIENTOS, | |
| Defendant-Petitioner. | |

KARIN J. IMMERGUT
United States Attorney
STEPHEN F. PEIFER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Plaintiff-Respondent

LEOBARDO CHAVEZ-BARRIENTOS
#66656-065
FCI TAFT
P.O. Box 7001
Taft, CA 93268

    Defendant-Petitioner Pro Se

1 - OPINION AND ORDER

MARSH, Judge.

The matter before the court is defendant's motion to vacate, set aside, or correct sentence (#1, #17) pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. For the reasons that follow, the court continues defendant's motion and orders the government to submit a memorandum no later than December 8, 2005, responding to the issues raised by defendant in his reply memorandum.

**Procedural Background.**

On June 22, 2004, defendant was indicted on one count of illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a).

In August 2004, during the course of plea negotiations, defendant's counsel, Christopher Schatz, sought sentencing concessions from the government because it was only through the result of poor timing regarding his date of birth, and the lack of a formal marriage between his parents, that defendant was not considered an American citizen by derivative citizenship.

At the time Schatz was negotiating with the government regarding a proposed plea, he cited to the government's counsel Barthelemy v. Ashcroft, 329 F.3d 1062 (9th Cir. 2003), the then controlling authority in the Ninth Circuit regarding derivative citizenship under the circumstances present here. In Barthelemy, the court reviewed Section 321(a) of the Immigration and

2 - OPINION AND ORDER

Nationality Act, 8 U.S.C. § 1432(a)(now repealed), which provides[1]:

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>
> * * *
>
> (3) The naturalization of the parent having legal custody of the child when there has been a <u>legal separation of the parents</u> . . . and if
>
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized . . . .

(Emphasis added).

Based on the facts in <u>Barthelemy</u>, the court held that the minor child of parents who were never legally married, but who had separated at the time of the naturalization, could not obtain derivative citizenship by virtue of the naturalization of the parent who had actual custody because the custody was not pursuant to a legal separation. The court reasoned there could be no "legal separation" if there was no "legal marriage." <u>Id</u>. at 1065.

---

[1] Section 321(a) was in effect when defendant's father became a naturalized United States citizen. Defendant alleges he was in the actual custody of his father at the time.

3 - OPINION AND ORDER

At the time, it appeared <u>Barthelemy</u> precluded defendant's claim to derivative citizenship.

On August 18, 2004, defendant pleaded guilty to a single count of illegal reentry and was sentenced to imprisonment for 33 months, followed by 3 years of supervised release.

On March 22, 2005, in <u>Minasyan v. Gonzales</u>, the Ninth Circuit held the term "legal separation" for purposes of Section 321(a) "necessarily means a separation recognized by state law":

> 'Legal custody' and 'legal separation of the parents,' as words in a federal statute, must take their meaning from federal law . . . [b]ut federal law may point to state (<u>or foreign</u>) law as a rule of decision, and this is how the INS has consistently understood these terms. . . . "[S]ubject to possible limitation, we think that the requirement of 'legal custody' in section 1432 should be taken presumptively to mean legal custody under the law of the state in question."

401 F.3d 1069, 1076-1078 (9th Cir. 2005)(internal citation omitted)(emphasis added).

Defendant does not address <u>Minasyan</u> in his opening memorandum, in which he argues his attorney, at the time of plea negotiations, inadequately presented the issue of his derivative citizenship. Defendant attaches to the memorandum the declarations of his mother and father stating: (1) the parents were never legally married; (2) the father, however, "signed the birth certificate and filed other necessary papers to take legal custody and legal responsibility for [defendant]"; (3) defendant

4 - OPINION AND ORDER

arrived in the United States in 1981 and, in 1990, became a legal permanent resident"; (4) the parents separated in 1993; (5) shortly thereafter, defendant, then aged 14, ran away and was arrested by Oregon juvenile authorities; (6) defendant's father appeared in court in Oregon and was awarded legal custody of defendant; and (7) defendant's father became a naturalized citizen in 1996, when defendant was only 17 years old.  A copy of the father's certificate of naturalization is attached to defendant's motion.

The government's response to defendant's motion is that, under <u>Barthelemy</u>, defendant does not have derivative citizenship, and that attorney Schatz diligently represented defendant in plea negotiations.  The government does not address <u>Minasyan</u>.

In his reply, defendant for the first time argues that he enjoys derivative citizenship in light of "<u>Minasyan</u>" and "other cases from the Ninth Circuit and other Circuit Courts, plus the modern view of what unions are recognized by state and foreign law."  Defendant also raises issues not raised in his initial memorandum regarding the enhancement of his sentence based on a prior conviction on an aggravated felony involving possession of a firearm after he was convicted of driving while suspended in state court.

**<u>Discussion</u>.**

The Immigration and Nationality Act provides that the

circuit courts of appeal must determine United States citizenship claims if there is no genuine issue of material fact about the claimant's nationality. 8 U.S.C. § (b)(5)(A). If there are questions of fact to resolve, however, the district court in the district where the claimant resides must make the factual findings necessary for an ultimate citizenship determination by the circuit court. 8 U.S.C. § (b)(5)(B); <u>Minasyan</u>, 401 F.3d at 1074.

Defendant requests an evidentiary hearing as to his citizenship status. The government, however, argues an evidentiary hearing is not necessary, although that assertion is apparently based on the government's view of the law under <u>Barthelemy</u>.

On this record, I find it is unclear whether the government concedes the facts presented by defendant regarding the issues of defendant's parentage, the local and/or national law in effect in Mexico at the time of defendant's birth as to his parents' relationship, and defendant's custodial status at the time of his father's naturalization. Accordingly, I conclude it is appropriate to afford the government the opportunity to respond to the issues raised by defendant in his reply, particularly as to the effect of the recent decision of the Ninth Circuit in <u>Minasyan</u>. Based on this disposition, I need not and do not address defendant's additional claims asserted for the first time

in his reply memorandum.

For these reasons, I order that defendant's motion to vacate, set aside, or correct sentence is continued pending the government's filing of a memorandum responsive to the issues raised by defendant in his reply memorandum.  The government shall file its memorandum no later than December 8, 2005.

IT IS SO ORDERED

DATED this 22 day of November, 2006.

     /s/   Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge