IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 05-1224-MA |
| | CR 04-264-MA |
| Plaintiff-Respondent, | OPINION AND ORDER |
| v. | |
| LEOBARDO CHAVEZ-BARRIENTOS, | |
| Defendant-Petitioner. | |

KARIN J. IMMERGUT
United States Attorney
STEPHEN F. PEIFER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

    Attorneys for Plaintiff-Respondent

LEOBARDO CHAVEZ-BARRIENTOS
#66656-065
FCI TAFT
P.O. Box 7001
Taft, CA 93268

    Defendant-Petitioner Pro Se

1 -   OPINION AND ORDER

MARSH, Judge.

The matter before me is defendant's motion to vacate, set aside, or correct sentence (#1, #17), pursuant to 28 U.S.C. § 2255 because of ineffective assistance of counsel. For the reasons that follow, the motion is **denied**.

## BACKGROUND[1]

Defendant brought this Petition pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel based on his counsel's advice that defendant plead guilty to the crime of illegal reentry even though defendant claimed he was a derivative citizen of the United States. There is no dispute that defendant was born in Mexico to parents who were not "legally married" at the time. Defendant's citizenship claim is based on his assertion that his father was naturalized when defendant was still a minor in his father's legal custody following a legal separation from the mother. See Section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a)(now repealed). Defendant's counsel relied on what he understood to be the then existing state of the law in the Ninth Circuit as set forth in Barthelemy v. Ashcroft, 329 F.3d 1062, 1065 (9th Cir. 2003) when he gave that advice. In Barthelemy, the court held a child born

---

[1] Additional background to this case is set out in my opinion and order issued November 22, 2005.

2 - OPINION AND ORDER

to parents who were not legally married at the time of the birth could not subsequently be in the "legal custody" of the father following a "legal separation."

After defendant pled guilty and was sentenced, the Ninth Circuit decided <u>Minasyan v. Gonzales</u>, 401 F.3d 1069, 1076-78 (9th Cir. 2005), in which it held the federal court may determine whether a child is in the "legal custody" of one parent following a "legal separation" based on the provisions of the state or foreign law where the marriage took place, <u>i.e</u>, whether the child was legitimized under the law of the foreign forum.

The government did not address the impact of <u>Minasyan</u> in it's response to defendant's petition.

On November 22, 2005, I ordered the government to file a response to defendant's contention that, under <u>Minasyan</u>, he should have had the opportunity to establish that he was legitimized at birth in accordance with the laws of the locality in Mexico where he was born and, therefore, had a complete defense to the illegal reentry charge.

In its response, the government argues <u>Minasyan</u> stands for the proposition that a legal separation is determined by state law; that Oregon does not recognize common law marriages; that Mexico "generally does not recognize common law marriages," and, therefore, there could be no "legal separation" of the parents in

3 - OPINION AND ORDER

Oregon. The government also asserts that defendant has a "heavy burden" to establish his citizenship, which he has not met based on his submissions in support of his claim.

In turn, defendant has filed a reply to the government's response, in which he advises the court that he has previously filed a petition in the Central District of California pursuant to 28 U.S.C. § 2241 challenging a deportation order that had reinstated a prior removal order on the grounds that he is a United States citizen. Chavez-Barrientos v. U.S. Department of Homeland Security, CV F 05-0187 AWI DLB HC. In that case, the court issued an order on September 12, 2005, requiring the government to address the merits of defendant's petition.

## DISCUSSION

Despite the convoluted nature of these proceedings, and the substantial legal and factual issues[2] that have yet to be addressed by any court regarding defendant's citizenship status, the narrow issue before me is whether defendant's counsel gave

---

[2] The Ninth Circuit and an appropriate district court may ultimately resolve these issues, which may include whether defendant's parents established a legal marital relationship in Mexico, and if so, whether defendant obtained derivative citizenship in the United States when his father became a naturalized citizen. See 8 U.S.C. § 242(b)(5)(a); Minasyan, 401 F.3d at 1074 (the determination of nationality claims ultimately rests with the Courts of Appeal, which refer the resolution of factual disputes relevant to such claims to the district courts).

effective assistance in recommending a guilty plea based on the facts and the law as he understood it at the time the advice was given. I conclude he did.

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. Strickland v. Washington, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 678, 687 (1984). See also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.), cert. denied, 513 U.S. 1001 (1994); Campbell v. Wood, 18 F.3d 662, 673 (9th Cir.)(en banc), cert. denied, 511 U.S. 119 (1994); Mak v. Blodgett, 970 F.2d 614, 618 (9th Cir. 1992), cert. denied, 507 U.S. 951 (1993).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." Mak, 970 F.2d at 618 (citing Strickland, 466 U.S. at 687-88). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. Strickland, 466 U.S. at 688. There is a strong presumption that counsel's assistance was adequate. Id. at 689.

In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. See also United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 695.

Here, defendant's counsel relied on Barthelemy for the proposition that defendant did not enjoy derivative citizenship status when the attorney negotiated a plea agreement with the government in August 2004. At that time, Barthelemy was the law in the Ninth Circuit and it held there could be no legal separation in the absence of a legal marriage and therefore, no basis for defendant's assertion of derivative citizenship. Minasyan may have clarified Barthelemy, but that case was not decided until March 2005. Defense counsel had no reason either to know of or anticipate any change in the law that would materially affect the advice he gave defendant in August 2004. I conclude defendant's counsel correctly understood the law and rendered effective assistance to defendant in negotiating the plea agreement in light of that law.

## CONCLUSION

For these reasons, the court **denies** defendant's motion to

6 - OPINION AND ORDER

vacate, set aside, or correct sentence (#1, #17).

IT IS SO ORDERED.

DATED this 9th day of January, 2006.


                                                __/s/  Malcolm F. Marsh_____
                                                Malcolm F. Marsh
                                                United States District Judge